**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BLUE SPIKE, LLC,**<br><br>   Plaintiff,<br><br>   v.<br><br>**ZEITERA, LLC,** *et al.*,<br><br>   Defendants. | Case No.: 14-CV-01648 YGR<br><br>**ORDER GRANTING MOTION TO STAY** |

### INTRODUCTION

The above-captioned patent infringement case is one of several transferred from the Eastern District of Texas and related by the undersigned judge to *AOptix Technologies v. Blue Spike, LLC*. (*See* N.D. Cal. Case No. 13-cv-1105 YGR, Dkt. No. 28.)  In this action, plaintiff Blue Spike, LLC ("Blue Spike") asserts patent infringement claims against two defendants: Zeitera, LLC ("Zeitera") and moving party Related Content Database Inc. d/b/a Watchwith ("Watchwith").  Now before the Court is Watchwith's motion to stay this case as to itself only, i.e., not as to Zeitera. (Dkt. No. 55 ("Motion").)  Watchwith argues that it is merely a customer of Zeitera and another entity sued by Blue Spike in the Eastern District of Texas, Audible Magic Corporation ("Audible Magic").  In essence, Watchwith contends that, because it has merely purchased accused products from Zeitera and Audible Magic and used them without modification, its suppliers are the real parties in interest, and that, under Federal Circuit precedent, litigation against Watchwith should be stayed in favor of the litigation against Zeitera and Audible Magic.  Blue Spike opposes the Motion and Watchwith has filed a reply.  (Dkt. Nos. 60 ("Opp'n"), 64 ("Reply").)

The parties and the Court are well acquainted with the underlying facts and procedural history. (Dkt. No. 54 at 3-4, 5; Dkt. No. 41 ("Tr.") at 41-45.) As set forth herein, the Motion is **GRANTED** and this action is **STAYED** as to Watchwith in favor of pending litigation in this case against Zeitera and in the Eastern District of Texas against Audible Magic.[1]

## DISCUSSION

Where patent infringement litigation has been instituted by a patent holder against both a supplier of an accused instrumentality and its customers, a stay of the customers' cases in favor of the supplier's is appropriate to conserve judicial and party resources, provided the supplier litigation will resolve the major issues in the customer litigation, such as patent infringement and validity. *See*, *e.g.*, *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011); *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006); *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990).

Here, Blue Spike concedes that "its claims against Watchwith are based on Watchwith's use of other companies' technology." (Opp'n at 3.) Blue Spike identifies no specific inefficiency or prejudice that would arise from staying this litigation. Nor is the Court persuaded by Blue Spike's argument that the customer-suit exception is inapplicable to this matter. Blue Spike relies on a single statement in a press release by an executive of Watchwith. Its reliance is misplaced for two reasons. First, Blue Spike fails to put the press release into evidence by supporting it with an authenticating declaration, as required by this Court's Civil Local Rule 7-5(a). Second, even if the Court were to treat the press release as evidence, the press release is not substantially probative of the notion that Watchwith is anything more than a passive buyer of the accused instrumentalities. The press release speaks only in general terms about Watchwith's "solution" being "greater than the sum of its parts." (Dkt. No. 60-2.) It says nothing specific about the accused features of Watchwith's product and thus gives no indication that Blue Spike will require discovery from Watchwith to prosecute its claims against Watchwith or any other party. Blue Spike makes no

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for September 2, 2014.

showing to countermand Watchwith's persuasive argument and properly supported evidence that Watchwith merely uses Zeitera and Audible Magic's products as provided by them and that Blue Spike's litigation against Zeitera and Audible Magic will resolve the major issues in its case against Watchwith. (Motion at 4-5; Reply at 3-4.)

Also unavailing is Blue Spike's informal request to have this action re-transferred to the Eastern District of Texas pursuant to 28 U.S.C. § 1404. (Opp'n at 3.) The request contravenes the Court's local rules (*see* Civ. L.R. 7-1 (requiring any "written request to the Court for an order" to be presented in the form of a motion or stipulation)), supplies no analysis (Opp'n at 3 ("Blue Spike will not waste the Court's time by engaging in the usual factor-by-factor analysis")), and fails to identify any changed circumstance of such an "impelling and unusual" nature so as to justify re-transfer (*see Ametek Inc. v. Hewlett-Packard Co.*, C-90-20278-DLJ, 1990 WL 10072473, at *1 (N.D. Cal. July 10, 1990)). The lack of analysis alone is fatal, given the well-settled rule that the party seeking transfer bears the burden of justifying it. *See Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960); *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992).

Further, the Court is not persuaded that transfer would be in the interests of justice or convenience. Blue Spike will have to litigate in both forums whether or not transfer is effected, and Watchwith's liability will continue to be determined largely by developments in the Zeitera and Audible Magic cases proceeding in this District and the Eastern District of Texas. Transfer would merely create an inconvenience for Watchwith while alleviating none for the court system or for Blue Spike itself. Moreover, though Blue Spike implies that the true focus of its claims against Watchwith concern the Audible Magic technology now being litigated in Texas (Opp'n at 3), Blue Spike admits that it has not amended its complaint in Texas to add those claims, (Tr. at 43:11-15). It also has not released Watchwith from the claims asserted against here, which rest entirely on Zeitera's accused products (Dkt. No. 1, ¶ 32). Blue Spike generally is entitled, of course, to press claims based on both technologies, but, as the matter stands today, Blue Spike's only claims concern Zeitera products subject to litigation in this Court. Transfer to the Eastern District of Texas cannot be said to be so much more convenient that it would justify re-transfer of this case to that

forum, especially in the absence of a showing of changed circumstance or any claims against Watchwith in the Texas-based Audible Magic litigation.

## CONCLUSION

For the foregoing reasons, Watchwith's Motion to stay this action is **GRANTED**. Case Number 14-cv-1648 YGR is **STAYED** as to defendant Related Content Database, Inc. d/b/a Watchwith. This Order does not affect defendant Zeitera, LLC. Nothing in this Order prejudices Blue Spike from seeking to lift the stay against Watchwith pending resolution of the Audible Magic and Zeitera litigation. Prior to filing any motion to lift the stay, Blue Spike shall meet and confer with Watchwith in a good faith effort to reach a stipulation to lift the stay. Failure to comply with the terms of this Order may result in sanctions.

This Order terminates Docket No. 55.

**IT IS SO ORDERED**.

Date: August 28, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**